UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

STEVEN JOHNNY MALDONADO,

    Petitioner,

vs.

KEN CLARK, Warden,

    Respondent.
                        /

No. C 12-0542 PJH (PR)

**ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST AND DENYING CERTIFICATE OF APPEALABILITY**

       This is a habeas case filed pro se by a prisoner confined at Pelican Bay State Prison. The petition is directed to a disciplinary hearing in which petitioner was found guilty of conspiracy to batter an inmate with a weapon and assessed, among other sanctions, a loss of 180 days of good time.

       Petitioner alleged in the petition that he had filed a state habeas petition in the Kings County Superior court in which he raised the same issues he presents here, and that it was denied. He did not allege that he filed a petition in the California Supreme Court, and said that he has no petitions or other actions pending, suggesting that he had not presented his claims to the highest court available, the California Supreme Court. He was ordered to show cause why the petition should not be dismissed for failure to exhaust.

       Petitioner says in his response that he did not exhaust because he is untrained in the law and has limited access to a law library. But he managed to file a pro se petition in the California Superior Court, showing that he was not prevented from filing state petitions. Petitioner has failed to show that his failure to exhaust should be excused. *Cf. Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and pro se status of petitioner not sufficient to meet cause standard of procedural bar).

Complete exhaustion is required before the court can grant a state habeas petition. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has not exhausted, and because all claims are not exhausted, the stay and abeyance procedure sometimes used for mixed petitions is not available. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (district court does not have discretion to stay petition containing only unexhausted claims).

The petition therefore is **DISMISSED** without prejudice to refiling after exhaustion.[1] Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 2, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\maldonado0542.dsm-exh.wpd

---

[1] This dismissal does not alone bar petitioner from filing a new case. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (limits on second or successive petitions do not apply when earlier petition was dismissed for failure to exhaust). A new case might still be barred for some other reason, such as failure to comply with the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the *latest* of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). However, the time a federal petition, such as this one, is pending is *not* excluded from the calculation.